**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**LEXIE BELLOWS,**

**Plaintiff,**

**v.** **CASE NO.:**

**VERTICALLY ALIGNED DENTAL, LLC,**

**Defendant.**
**_______________________________________/**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LEXIE BELLOWS, by and through her undersigned counsel, hereby sues Defendant, VERTICALLY ALIGNED DENTAL, LLC (hereinafter "Defendant"), and states as follows:

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1367; the Americans with Disabilities Act, as amended by the Americans with Disabilities Act Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 et seq.; and the Florida Civil Rights Act, Chapter 760, Florida Statutes.

2. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims arising under Florida law, including her claims under the Florida Civil Rights Act and Florida's Private Whistleblower's Act, because those claims arise from the same common nucleus of operative fact as her federal claims.

3. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, because a substantial part of the events giving rise to this claim occurred in this Judicial District and is therefore proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff, LEXIE BELLOWS (hereinafter "Plaintiff"), is a resident of Hillsborough County, Florida.

5. Defendant, VERTICALLY ALIGNED DENTAL, LLC (hereinafter "Defendant"), is a Florida limited liability company authorized and doing business in this Judicial District.

## GENERAL ALLEGATIONS

6. At all times material, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

7. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

8. Plaintiff has retained the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

9. Plaintiff requests a jury trial for all issues so triable.

## ADMINISTRATIVE PREREQUISITES

10. On or about March 11, 2025, Plaintiff filed a timely Charge of

Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), which was assigned Charge No. 511-2025-02134, alleging disability discrimination and retaliation.

11. On or about July 14, 2026, the EEOC issued a Determination and Notice of Rights related to Plaintiff's Charge of Discrimination. This Complaint is filed within ninety (90) days of Plaintiff's receipt of the Notice of Right to Sue.

12. All conditions precedent to the filing of this action have been satisfied, performed, waived, or excused.

## FACTUAL ALLEGATIONS

13. On or about May 14, 2019, Plaintiff began her employment with Defendant as a Pediatric Dentist. Plaintiff's employment was governed by successive one-year employment contracts entered into annually, which renewed automatically unless Defendant provided at least thirty (30) days' advance written notice of non-renewal.

14. During her employment, Plaintiff performed dental examinations and treatment on children, including operative dentistry performed under nitrous oxide sedation. Plaintiff regularly worked at Defendant's Tampa office located at 16688 N. Dale Mabry Highway, as well as at Defendant's New Port Richey office.

15. At all times prior to the events described below, Plaintiff met or exceeded her employer's legitimate expectations and was not subject to any disciplinary action.

16. Beginning in late 2023, a dental assistant in training assigned to work with Plaintiff at the Tampa office was routinely making unsafe errors and was not properly trained for her position. As a result, Plaintiff was expected to perform both her own duties as a pediatric dentist and the duties of the dental assistant.

17. On or about December 12, 2023, and on several previous occasions, Plaintiff complained to Defendant's Tampa office Human Resources representative about the dental assistant routinely making unsafe errors and not being properly trained for her position. The Human Resources representative indicated that she would contact Defendant's Chief Operating Officer and Head of Human Resources about obtaining additional training for the dental assistant.

18. On or about December 19, 2023, Plaintiff again complained to the Tampa Human Resources representative that the same dental assistant was continuing to make unsafe errors and was unable to perform her job, requiring Plaintiff to perform the dental assistant's job in addition to her own.

19. On or about December 20, 2023, Defendant's Head of Human Resources called Plaintiff and informed her that she had spoken with ownership and that Plaintiff would be required to assist the dental assistant in the

performance of her duties. Plaintiff refused to perform both jobs due to the dangers inherent in doing so. Plaintiff explained that she could not simultaneously perform the duties of a pediatric dentist and a dental assistant while safely attending to multiple children, some of whom were under sedation.

20. On December 21, 2023, Plaintiff suffered a medical condition brought on by the work-related stress of being directed to perform the duties of both a pediatric dentist and a dental assistant while attending to multiple children.

21. On or about December 22, 2023, in response to Plaintiff's objections and refusal and her medical condition, Plaintiff was told to stay home without pay, the first such discipline in her career.

22. On December 30, 2023, Plaintiff was diagnosed with a disability arising from work-related stress. Plaintiff's medical condition is a physical or mental impairment that substantially limits one or more of Plaintiff's major life activities.

23. On or about January 25, 2024, Plaintiff notified Defendant in writing of her medical condition and provided Defendant with supporting medical documentation reflecting her diagnosis.

24. On or about January 30, 2024, Plaintiff completed and submitted leave paperwork to Defendant requesting leave from December 30, 2023 through March 31, 2024, and further leave from April 1, 2024 through June 30, 2024 as a reasonable

accommodation for her disability under the ADA. By notifying Defendant that she needed an adjustment or change at work for a reason related to her medical condition, Plaintiff requested a reasonable accommodation for her disability.

25. On or about May 6, 2024, Plaintiff received written approval from Defendant's Head of Human Resources for her leave through June 30, 2024.

26. On June 7, 2024, shortly before Plaintiff was due to return from her approved leave, Plaintiff received written notification from Defendant that she was terminated effective May 31, 2024, approximately one month before her approved leave was set to end and in violation of her employment agreement which required 30-days advance written notice of termination.

27. On June 27, 2024, Plaintiff received email correspondence from Defendant advising her that Defendant would not be renewing her employment contract and that her termination was effective August 30, 2024, purportedly pursuant to the terms of her employment contract.

28. On July 1, 2024, Plaintiff requested her work schedule from Defendant for the remaining two months of her employment. On or about July 10, 2024, Defendant informed Plaintiff for the first time that she needed a doctor's note clearing her to return to work before she could be scheduled.

29. Plaintiff's treating providers submitted documentation clearing her to return to work, but Defendant claimed it did not receive it. When Defendant

finally confirmed that it had received Plaintiff's medical clearance, Defendant claimed, for the first time, that it would be an "undue burden" to return Plaintiff to the schedule as of August 13, 2024.

30. Accordingly, Plaintiff's employment was terminated effective August 30, 2024.

31. Plaintiff was a qualified individual with a disability who, with or without a reasonable accommodation, could perform the essential functions of her position as a pediatric dentist.

32. Defendant's stated reasons for the adverse employment actions taken against Plaintiff were false and pretextual. Defendant could have accommodated Plaintiff's approved leave and returned her to work, as her treating providers had cleared her to do without restriction.

33. Plaintiff's termination occurred shortly after she requested and used a reasonable accommodation for her disability, reported and opposed discrimination, and objected to and refused to participate in practices she reasonably believed to be unlawful.

34. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered loss of income, loss of employment benefits, including employer-sponsored health and dental insurance, emotional distress, humiliation, and other damages.

**COUNT I**
**DISABILITY DISCRIMINATION**
**(Under the Americans with Disabilities Act, as amended)**

35. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

36. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12112 et seq.

37. Plaintiff is an employee within the meaning of the Americans with Disabilities Act, as amended.

38. Plaintiff is an individual with a disability within the meaning of the Americans with Disabilities Act, as amended. Specifically, medical condition substantially limited one or more major life activities and/or one or more major bodily functions.

39. Plaintiff was a qualified individual with a disability within the meaning of the Americans with Disabilities Act, as amended, because Plaintiff, with or without a reasonable accommodation, could perform the essential functions of her job.

40. By the conduct described above, Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her known disability, and/or because Defendant regarded her as having a disability, and/or because of Plaintiff's record of having a disability, in violation of the Americans

with Disabilities Act, as amended. Specifically, Defendant terminated Plaintiff's employment and failed to renew her contract which had been consistently renewed since 2019.

41. The above-described acts of disability discrimination constitute a violation of the Americans with Disabilities Act, as amended, for which Defendant is liable.

42. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

43. Defendant's unlawful and discriminatory employment practices were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

44. As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

## COUNT II
## FAILURE TO ACCOMMODATE
## (Under the Americans with Disabilities Act, as amended)

45. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

46. Plaintiff is an individual entitled to protection under the Americans with Disabilities Act, as amended ("ADAAA"), and was an employee within the meaning of the ADAAA.

47. Plaintiff is a qualified individual with a disability within the meaning of the ADAAA, because Plaintiff, with a reasonable accommodation, could perform the essential functions of her job with Defendant.

48. Leave of absence may constitute a reasonable accommodation under the ADAAA.

49. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the ADAAA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of her disability. Further, Plaintiff was denied a reasonable accommodation in violation of the Act, and Defendant failed to engage in the interactive process. Specifically, after approving Plaintiff's leave as a reasonable accommodation, Defendant terminated Plaintiff before her approved leave ended, refused to return her to the schedule after her treating providers cleared her to return to work, and failed to renew her contract which had been consistently renewed since 2019.

50. As a result of Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back

pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

**COUNT III**
**RETALIATION**
**(Under the Americans with Disabilities Act, as amended)**

51. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

52. Plaintiff engaged in protected activity under the Americans with Disabilities Act, as amended, when she requested and used a reasonable accommodation for her disability and opposed Defendant's discriminatory treatment of her.

53. Plaintiff was terminated and her contract was not renewed because she requested a reasonable accommodation and for opposing Defendant's discriminatory treatment of her, which action is unlawful pursuant to the ADAAA, 42 U.S.C. § 12112 et seq.

54. The above-described acts constitute retaliation in violation of the ADAAA.

55. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and

costs, and all other relief deemed just and equitable.

**COUNT IV**
**DISABILITY DISCRIMINATION**
**(Under the Florida Civil Rights Act)**

56. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

57. Plaintiff is an individual entitled to protection under the Florida Civil Rights Act ("FCRA"), Chapter 760, *Florida Statutes*.

58. Plaintiff is an individual with a disability.

59. By the conduct described above, Defendant engaged in unlawful employment practices in violation of the FCRA, took adverse employment actions against Plaintiff, and discriminated against Plaintiff because of her disability, record of a disability, and/or perceived disability.

60. Defendant failed to provide Plaintiff with a reasonable accommodation, which resulted in Plaintiff's termination on the basis of her disability, record of a disability, and/or perceived disability.

61. The above-described acts of disability discrimination constitute a violation of the FCRA, for which Defendant is liable.

62. Defendant's unlawful and discriminatory employment practices toward Plaintiff were intentional.

63. As a direct and proximate result of Defendant's violations of the

FCRA, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief deemed just and equitable.

**COUNT V**
**RETALIATION**
**(Under the Florida Civil Rights Act)**

64. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

65. Plaintiff suffered an adverse employment action for opposing an employment practice made unlawful by Chapter 760, Florida Statutes, and for requesting a reasonable accommodation. Specifically, Plaintiff opposed disability discrimination in the workplace and requested a reasonable accommodation for her disability.

66. The above-described acts of retaliation constitute a violation of Chapter 760, Florida Statutes, for which Defendant is liable.

67. As a result of Defendant's unlawful retaliation, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, and all other relief de

emed just and equitable.

**COUNT VI**
**FAILURE TO ACCOMMODATE**
**(Under the Florida Civil Rights Act)**

68. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in paragraphs 1 through 34.

69. Plaintiff brings this claim under the Florida Civil Rights Act, Chapter 760, *Florida Statutes*.

70. Plaintiff is an individual with a disability within the meaning of the FCRA.

71. Plaintiff was a qualified individual with a disability because she could perform the essential functions of her position as a pediatric dentist with a reasonable accommodation.

72. Florida courts construe FCRA disability claims in conformity with the ADA, and ADA reasonable-accommodation principles guide FCRA accommodation claims.

73. Plaintiff requested a reasonable accommodation for her disability when she notified Defendant of her medical condition, provided supporting medical documentation reflecting her disability and requested leave from December 30, 2023 through June 30, 2024.

74. Leave of absence constituted a reasonable accommodation that would

have enabled Plaintiff to recover from her disability and return to work as a pediatric dentist.

75. Defendant initially approved Plaintiff's requested leave through June 30, 2024.

76. Defendant thereafter failed to reasonably accommodate Plaintiff by terminating her before her approved leave ended, and by refusing to return her to the schedule after her treating providers cleared her to return to work without restriction and failing to renew her contract which had been consistently renewed since 2019.

77. Defendant further failed to engage in the interactive process in good faith and failed to identify or provide any effective reasonable accommodation in lieu of the one it had previously approved, but then used as the basis to terminate Plaintff.

78. Defendant's failure to accommodate Plaintiff constitutes disability discrimination in violation of the FCRA, Chapter 760, *Florida Statutes*.

79. Defendant's unlawful failure to accommodate Plaintiff was intentional.

80. As a direct and proximate result of Defendant's violation of the FCRA, Plaintiff has suffered and continues to suffer damages, including lost wages, lost benefits, emotional distress, humiliation, and other damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, attorney's fees and costs, interest, and all other relief this Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

81. Plaintiff, LEXIE BELLOWS, demands a trial by jury on all issues so triable.

Dated this ______ day of ______________, 2026.

**FLORIN | GRAY**

*/s/ Miguel Bouzas*
**MIGUEL BOUZAS, ESQUIRE**
Florida Bar No.: 48943
Primary: MBouzas@floringray.com
Secondary: angela@floringray.com
**WOLFGANG M. FLORIN, ESQUIRE**
Florida Bar No.: 907804
wolfgang@fgbolaw.com
16524 Pointe Village Drive, Suite 100
Lutz, Florida 33558
(727) 220-4000
(727) 483-7942 (fax)

*Attorneys for Plaintiff*